1   CALL & JENSEN
2   A Professional Corporation
    Julie R. Trotter, Bar No. 209675
3   jtrotter@calljensen.com
    Ryan M. McNamara, Bar No. 223606
4   rmcnamara@calljensen.com
    610 Newport Center Drive, Suite 700
5   Newport Beach, CA 92660
    Tel:   (949) 717-3000
6   Fax:  (949) 717-3100

7

8   Attorneys for Defendants Nelson W. Quan
    (erroneously sued as Nelson W Quan),
9   Helen L. Quan (erroneously sued as Helen
    L Quan), and Quan Service Center, Inc.

10

11           **UNITED STATES DISTRICT COURT**

12           **CENTRAL DISTRICT OF CALIFORNIA**

13           **CV12-08006** (CAS(FMOx))

14   Juan Moreno,                  Case No.

15        Plaintiff,         **NOTICE OF REMOVAL OF ACTION**

16        vs.                    **PURSUANT TO U.S.C. 28 §1441**
                          **(FEDERAL QUESTION)**

17

18   Nelson W Quan, in his individual and
    representative capacity as Trustee; Helen L
19   Quan, in her individual and representative
    capacity as Trustee; Quan Service Center,
20   Inc., a California Corporation; and Does 1-
    10,
21

22        Defendants.

23

24                                 Complaint Filed:  June 20, 2012
                                 Trial Date:       None Set

25

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendants Nelson W. Quan (erroneously sued as Nelson W Quan), Helen L. Quan (erroneously sued Helen L Quan) and Quan Service Center, Inc. (collectively "Defendants") remove to the United States District Court for the Central District of California the state court action described below.   In accordance with 28 U.S.C. § 1446(a), Defendants submit the following short, plain statement of the grounds for removal.

## I.   JURISDICTION AND TIMELINESS

1.   On June 20, 2012, Plaintiff Juan Moreno ("Plaintiff") filed a complaint in Los Angeles County Superior Court, Stanley Mosk Courthouse alleging causes of action for: (1) violation of the Americans with Disabilities Act of 1990 – 42 U.S.C. 12101, et seq.; (2) violation of The Unruh Civil Rights Act – California Civil Code §51-53; and (3) violation of the California Disabled Persons Act – California Civil Code §54-54.8; and (4) Negligence.   A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.  In addition to statutory damages, attorneys' fees and costs under the state law claims, Plaintiff seeks injunctive relief and attorneys' fees under the Americans with Disabilities Act ("ADA") and in connection with Plaintiff's alleged visit to a Chevron gas station located at or about 250 South Atlantic Boulevard, Los Angeles, California.

2.   This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under federal law.  Plaintiff claims that Defendants violated the ADA and seeks injunctive relief, attorneys' fees, costs, and damages founded upon the ADA and related state law claims.  Plaintiff premises his state law claims based on the alleged ADA violations and purported deviations from the technical Americans with Disabilities Act Accessibility Guidelines or "ADAAGs."  *See* Compl.,

¶8 at 3:6-13; ¶10 at 3:19-27; ¶12 at 4:6-14; and ¶14 at 4:20-24. Thus, it is clear that such claims turn on the federal question of whether Defendant violated the ADA and any applicable ADAAG provision. Because Plaintiff seeks injunctive relief and attorneys' fees and costs for the alleged ADA violations, this Court undeniably has original jurisdiction over such claims.[1]

## II.   SUPPLEMENTAL JURISDICTION

3.     Because Plaintiff's allegations and state law claims for damages form "part of the same case or controversy" and, indeed, hinge on the very same purported ADA violations over which this Court has original jurisdiction, supplemental jurisdiction exists at this time over Plaintiff's state law claims under 28 U.S.C. § 1367. A state claim is part of the same "case or controversy" as a federal claim when the two "derive from a common nucleus of operative fact" such that plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855-56 (9th Cir. 2004) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Plaintiff's state law claims are premised on violations of the ADA. *See, e.g.,* Compl., ¶10 at 3:19-27 and ¶12 at 4:6-14 (alleging that, "Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to: (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code")...."

---

[1] *See, e.g., Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, n.5 (E.D. Cal. 2002) ("Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims. . . . [F]ederal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages.").

CALL& JENSEN

## III.   PROCESS, PLEADINGS AND ORDERS

4.     Plaintiff's complaint was filed on June 20, 2012 and served on Defendants Nelson W. Quan, Helen L. Quan and Quan Service Center, Inc. on August 16, 2012. As such, Defendants' removal is timely.  On September 17, 2012, Defendants filed an Answer with a Demand for Jury Trial in state court.  A true and correct copy of the Answer with a Demand for Jury Trial is attached hereto as Exhibit B.  No further proceedings have taken place.  There is currently a Case Management Conference on calendar in Los Angeles County Superior Court on September 21, 2012.

## IV.   VENUE

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Central District of California embraces Los Angeles County where the events allegedly occurred and because the state action was originally filed in the Superior Court of the State of California for the County of Los Angeles.

## V.   NOTICE

6.     Promptly after filing this Notice of Removal, Defendants will give written notice of this pleading to counsel for Plaintiff and will file a copy of this Notice with the Superior Court of the State of California for the County of Los Angeles.

## VI.   PROCEDURAL COMPLIANCE

7.     As noted above, this is a civil action for which this Court has original jurisdiction and is one that may be removed to this Court under 28 U.S.C. §§ 1441, 1446.

8.     In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of Plaintiff's complaint, all other papers in the state court action, and the answer of Defendants Nelson W. Quan (erroneously sued as Nelson W Quan), Helen L. Quan

1  (erroneously sued as Helen L Quan) and Quan Service Center, Inc. are attached hereto

2  as <u>Exhibit A</u> and <u>Exhibit B</u> respectively.

3

4      9.    This Notice of Removal is filed within the time provided by 28 U.S.C.

5  § 1446(b).

6              **VII.   CONCLUSION AND REQUESTED RELIEF**

7      10.    For all of the reasons set forth above, Defendants Nelson W. Quan

8  (erroneously sued as Nelson W Quan), Helen L. Quan (erroneously sued as Helen L

9  Quan) and Quan Service Center, Inc. respectfully requests this Court proceed with this

10  matter as if it had been originally filed herein.

11

Dated:  September 17, 2012          CALL & JENSEN
12                                  A Professional Corporation
                                    Julie R. Trotter
13                                  Ryan M. McNamara

14

15                                  By: _____
16                                      Ryan M. McNamara

17                                  Attorneys for Defendants Nelson W. Quan
                                    (erroneously used Nelson W Quan), Helen L.
18                                  Quan (erroneously sued as Helen L Quan), and
                                    Quan Service Center, Inc.

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Nelson W Quan, in his individual and representative capacity as Trustee;
Helen L Quan, in her individual and representative capacity as Trustee;
Quan Service Center, Inc., a California Corporation; and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
Juan Moreno

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la Information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entreguen esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tine que estar en formato legal correcto si desea que procesen su caso en la corte. Es possible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas.. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remision a abogados. Si no puede pagar a un abogado, es possible que cumpla con los requisitos para obtener servivios legals gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol) o poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: Los Angeles County Superior Court | CASE NUMBER: |
| (El nombre y direccion de la corte es): | (Numero del Caso): BC 486981 |
| 111 North Hill Street | |
| Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):
Raymond G. Ballister, Jr., Esquire, Center for Disability Access, 9845 Erma Road, Suite 300
San Diego, CA 92131-1084 (858) 375-7385

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

[Seal]

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Nelson W Quan in his individual and representative capacity as Trustee

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ Other (specify): Trustee

4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

PAGE 02                    1323268743Ø                    08/16/2012  14:58

1
CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Mark Potter, Esq. SBN 166317
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385
(888) 422-5191 fax
mark@potterhandy.com

Attorneys for Plaintiff

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 20 2012

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DAWN ALEXANDER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

Juan Moreno,

    Plaintiff,

    v.

Nelson W Quan, in his individual and representative capacity as Trustee; Helen L Quan, in her individual and representative capacity as Trustee; Quan Service Center, Inc., a California Corporation; and Does 1-10,

    Defendants.

Case No. BC486981

Complaint For Damages And Injunctive Relief For Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence

Demand For Jury

20    Plaintiff Juan Moreno complains of Defendants Nelson W Quan, in his

21 individual and representative capacity as Trustee; Helen L Quan, in her individual

22 and representative capacity as Trustee; Quan Service Center, Inc., a California

23 Corporation; and Does 1-10 ("Defendants") and alleges as follows:

24

25 **PARTIES:**

26  1.  Plaintiff is a California resident with physical disabilities. He is a paraplegic

27 who uses a wheelchair.

28  2.  Defendants are, or were at the time of the incident, the owners and

1

Complaint

COPY

1    operators, lessors and/or lessees of the Chevron gas station located at or about 250

2    S Atlantic Blvd., Los Angeles, California.

3       3.   Plaintiff does not know the true names of Defendants, their business

4    capacities, their ownership connection to the property and business, or their relative

5    responsibilities in causing the access violations herein complained of, and alleges a

6    joint venture and common enterprise by all such Defendants. Plaintiff is informed

7    and believes that each of the Defendants herein, including Does 1 through 10,

8    inclusive, is responsible in some capacity for the events herein alleged, or is a

9    necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend

10   when the true names, capacities, connections, and responsibilities of the

11   Defendants and Does 1 through 10, inclusive, are ascertained.

12

13   **FACTUAL ALLEGATIONS:**

14      4.   The Plaintiff went to the Chevron in April of 2012. The Chevron is a facility

15   open to the public, a place of public accommodation, and a business establishment.

16      5.   Unfortunately, the Chevron is not accessible to wheelchair users. At each of

17   the fuel dispenser pumps, there is an electronic card reader for use by customers.

18   The controls and operating mechanisms for the card readers are located as high as

19   63 inches above the ground. They exceed the maximum height/reach requirements

20   of the law.

21      6.   This is a violation of the law, it is discriminatory and a barrier to equal access.

22   The plaintiff personally encountered the violation and it created difficulty for him,

23   denying him full and equal access. Plaintiff would like to return and patronize the

24   Chevron but is deterred from doing so until the defendants provide access.

25

26

27

28

---

2

Complaint

**I.  FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

7.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

8.  The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

**II.  SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

9.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

10. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to: (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

3

Complaint

1  **III.   THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA**

2  **DISABLED PERSONS ACT (On behalf of plaintiff and against all defendants)**

3  **(Cal Civ.§ 54-54.8)**

4      11. Plaintiff repleads and incorporates by reference, as if fully set forth again

5  herein, the allegations contained in all prior paragraphs of this complaint.

6      12. The Defendants are persons who own, operate, lease or lease to a place of

7  public accommodation. As such, the Defendants are required to ensure that persons

8  with disabilities are not discriminated against and, additionally, have specific duties

9  to: (1) ensure that all construction, alteration, or modification is barrier free and

10 complies with the Americans with Disabilities Act Accessibility Guidelines

11 ("ADAAG") and Title 24 of the California Code of Regulations (aka "California

12 Building Code"); and/or (2) remove all existing barriers where such removal is

13 "readily achievable," and/or (3) to provide alternatives to barrier removal. The

14 Defendants have failed to meet these obligations.

15

16 **IV. FOURTH CAUSE OF ACTION: NEGLIGENCE (On behalf of plaintiff and**

17 **against all defendants)**

18     13. Plaintiff repleads and incorporates by reference, as if fully set forth again

19 herein, the allegations contained in all prior paragraphs of this complaint.

20     14. The Defendants had a general duty and a duty arising under the Americans

21 with Disabilities Act and the Unruh Civil Rights Act and California Disabled

22 Persons Act to provide safe, convenient, and accessible facilities to the plaintiff.

23 Their breach of this duty, as alleged in the preceding paragraphs, has caused injury

24 and damage as alleged above.

25

26 **PRAYER:**

27     Wherefore, Plaintiff prays that this court award damages and provide relief

28 as follows:

---

4

Complaint

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: June 18, 2012                    CENTER FOR DISABILITY ACCESS

                                        By: _____
                                        Mark Potter, Esq.
                                        Attorneys for Plaintiff


**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 18, 2012                    CENTER FOR DISABILITY ACCESS

                                        By: _____
                                        Mark Potter, Esq.
                                        Attorneys for Plaintiff

Complaint

5

PAGE 07                                        1323268743D   08:58   08/16/2012

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Raymond G. Ballister, Jr. / Mark D. Potter   111282 / 166317<br>Center for Disability Access<br>9845 Erma Road, Suite 300<br>San Diego, CA 92131-1084<br>TELEPHONE NO.: (858) 375-7385   FAX NO.: (888) 422-5191<br>ATTORNEY FOR *(Name):* Plaintiff, Juan Moreno | FOR COURT USE ONLY<br>**CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JUN 20 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>by: _____ Deputy<br>DAWN ALEXANDER |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Moreno v. Nelson W Quan, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC486981 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify):* 4 ADA; Unruh; CA Dis; Negl.

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/19/2012

Mark D. Potter
_____ ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Cal. Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

PAGE  08                                13 -                    13232687430   08/16/2012  14:58

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)--Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Moreno v. Nelson W Quan, et al. | CASE NUMBER BC486981 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3-5   ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

PAGE 10

- 15 -

| SHORT TITLE: Moreno v. Nelson W Quan, et al. | CASE NUMBER | |
|---|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☒ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Moreno v. Nelson W Quan, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

13232687430   14:58   08/16/2012

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Moreno v. Nelson W Quan, et al. | |

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location **you selected.**

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>250 S Atlantic Blvd, |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90022 |

**Item IV. Declaration of Assignment:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: June 18, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

~~PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY~~
COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

- 18 -

SUPE     R COURT OF CALIFORNIA, COUNTY O.     OS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT   B C 4 8 6 9 8 1

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Ramona See | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | **Hon. Elihu M. Berle** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | | other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT —

UNLIMITED CIVIL CASE

Page 1 of 2

- 19 -

PAGE 01/19                                                                    13232687430     15:06   08/16/2012

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.
>
> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                          ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

---

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

LAADR 007 (Rev. 01-12)
LASC Adopted 07-04
For Mandatory Use          DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS          Cal. Rules of Court, rule 3.221
Page 1 of 1

- 21 -

PAGE 03/19                                    13232687430        15:06   08/16/2012

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                    ☐ Neutral Evaluation

☐ Arbitration (non-binding)     ☐ Settlement Conference

☐ Arbitration (binding)         ☐ Other ADR Process *(describe):* _____

| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
          (INSERT DATE)                 (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR _____ )

Date:

_____          ➢  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR _____ )

Date:

_____          ➢  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR _____ )

LACIV 229 (new)
LASC Approved 04/11
**STIPULATION – EARLY ORGANIZATIONAL MEETING**
Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):   FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.  Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____      ➤   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)

Date:

_____      ➤   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR_____)

Date:

_____      ➤   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR_____)

Date:

_____      ➤   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR_____)

## THE COURT SO ORDERS.

Date: _____        _____
                                                 JUDICIAL OFFICER

DAL-001

# IMPORTANT INFORMATION FOR BUILDING OWNERS AND TENANTS

This form is available in English, Spanish, Chinese, Vietnamese, and Korean through the California Courts Web site. Persons with visual impairments can get assistance in viewing this form through the Web site. The Web site is located at *www.courtinfo.ca.gov*.

Existing law requires that you receive this information because the demand for money or complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of persons with disabilities to access public places.

## You Have Important Legal Obligations.

Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect. (See *www.dsa.dgs.ca.gov/access/ud_accessmanual.htm*.) Commencing September 1, 2009, information will also be available from the California Commission on Disability Access Web site.

## You Have Important Legal Rights.

You are not required to pay any money unless and until a court finds you liable. Moreover, **receipt of this advisory does not necessarily mean you will be found liable for anything.**

You may wish to promptly consult an attorney experienced in this area of the law to get helpful legal advice or representation in responding to the demand for money or complaint you received. You may contact the local bar association in your county for information on available attorneys in your area. If you have insurance, you may also wish to contact your insurance provider. You have the right to seek assistance or advice about this demand for money or complaint from any person of your choice, and no one may instruct you otherwise. Your best interest may be served by seeking legal advice or representation from an attorney.

If a complaint has been filed and served on you and your property has been inspected by a Certified Access Specialist (CASp; see *www.dsa.dgs.ca.gov/access/casp.htm*), you may have the right to a court stay (temporary stoppage) and early evaluation conference to evaluate the merits of the construction-related accessibility claim against you pursuant to Civil Code section 55.54. At your option, you may be, but need not be, represented by an attorney to file a reply and to file an application for a court stay and early evaluation conference. If you choose not to hire an attorney to represent you, you may obtain additional information about how to represent yourself and how to file a reply without hiring an attorney through the California Courts Web site at *www.courtinfo.ca.gov/selfhelp*. You may also obtain a form to file your reply to the lawsuit, as well as the form and information for filing an application to request the court stay and early evaluation conference, at that same Web site.

If you choose to hire an attorney to represent you, the attorney who sent you the demand for money or complaint is prohibited from contacting you further unless your attorney has given the other attorney permission to contact you. If the other attorney does try to contact you, you should immediately notify your attorney.

Form Approved for Optional Use
Judicial Council of California
DAL-001 [New October 23, 2008]

**IMPORTANT INFORMATION FOR BUILDING OWNERS AND TENANTS**
**(Disability Access Litigation)**

Page 1 of 1
Civil Code, § 55.3
www.courtinfo.ca.gov

**NOTICE TO DEFENDANT**
**YOU MAY BE ENTITLED TO ASK FOR A STAY (TEMPORARY STOPPAGE) AND**
**EARLY EVALUATION CONFERENCE IN THIS LAWSUIT.**

If the construction-related accessibility claim pertains to a site that has been inspected by a Certified Access Specialist (CASp) and you have an inspection report for that site, you may make an immediate request for a court stay and early evaluation conference in the construction-related accessibility claim by filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form are true.

The court will schedule the conference to be held within 50 days after you file the attached application form. The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. At your option, you may be, but need not be, represented by an attorney to file the application to request the early evaluation conference. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at http://www.courtinfo.ca.gov/selfhelp/.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not have an attorney, you will need to file the application within 30 days after you receive the summons and complaint to request the stay and early evaluation conference. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at http://www.courtinfo.ca.gov/selfhelp/. If a plaintiff representing himself or herself hires an attorney after the case is filed, you will have 30 days to file an application for a court stay and early evaluation conference after you receive a Notice of Substitution of Counsel, unless an early evaluation conference or settlement conference has already been held.

You may file the application form without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Civil Code Section 55.55.

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*

FOR COURT USE ONLY

TELEPHONE NO.:                    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF

DEFENDANT

### DEFENDANT'S APPLICATION FOR STAY & EARLY EVALUATION CONFERENCE PER CIVIL CODE 55.54

CASE NUMBER:

1. Defendant (names) _____ requests a stay of proceedings and early evaluation conference pursuant to Civil Code, section 55.54.
2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code, section 55.52(a)(1).
3. The claim concerns a site that (put a check mark if the statement is true)
   a. ____ Has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected to CASp determination pending and, if CASp inspected, have been no modifications completed or commenced since the date of the inspection that may impact compliance with construction-related accessibility standards to the best of defendant' knowledge; AND
   b. ____ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

BOTH "a." and "b." must be checked for the court to order a Stay & Early Evaluation Conferen

4. I am requesting the court to:
   a. Stay the proceedings relating to the construction-related accessibility claim.
   b. Schedule and Early Evaluation Conference
   c. Order Defendant to file a copy of the Certified Access Specialist (CASp) report with t court under seal and serve a cop on the Plaintiff at least fifteen (15) days before th Early Evaluation Conference date, which shall be subject to a protective order.
   d. Order Plaintiff to file the Statement required by Civil Code Section 55.54(d)(5)(A)-(D with the court and serve a copy of the statement on the Defendant at least fifteen (15 days before the date of the Early Evaluation Conference.

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional):* E-MAIL ADDRESS *(Optional):* ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

PLAINTIFF

DEFENDANT

| **NOTICE OF STAY & EARLY EVALUATION CONFERENCE** *(CONSTRUCTION-RELATED ACCESSIBILITY CLAIMS)* | CASE NUMBER: |
|---|---|

## STAY OF PROCEEDING

*For a period of 90 days from the date of the filing of this notice, unless otherwise ordered by the court, the parties are stayed from taking any further action relating to the construction-related accessibility claims or claims in this case.*

*This stay does not apply to any construction-related accessibility claim in which the plaintiff has obtained temporary injunctive relief which is in place.*

## NOTICE OF EARLY EVALUATION CONFERENCE

1. *This action includes a construction-related accessibility claim under Civil Code Section 55.52(a)(1 or other provision of law;*

2. *A defendant has requested an early evaluation conference and a stay of proceedings under Civil Code Section 55.54;*

3. *The early evaluation conference is scheduled as follows:*

   a. *Date:*      *Time:*      *Dept:*      *Judge:*

   b. *The conference will be held at ____ (the court address above), or ____ at: _____*

4. *The plaintiff and defendant shall attend with any other person needed for settlement of the case unless a party's disability requires the party's participation by a telephone appearance or other alternative means or through the personal appearance of an authorized representative.*

5. *The defendants who requested the conference and stay of proceedings shall file with the court under seal and serve on all parties a copy of the CASp report for the site that is the subject of the construction-related accessibility claim at least fifteen (15) days before the date set for the earl evaluation conference, which shall be subject to a protective order for confidentiality.*

6. *The plaintiff shall file with the court and serve at least fifteen (15) days before the date set for the early evaluation conference a statement providing the following:*
   a. *An itemized list of specific conditions on the subject premises that are the basis of the claimed construction-related accessibility standards in the plaintiff's complaint.*

American LegalNet, Inc.
www.FormsWorkflow.com

b. *The amount of damages claimed;*
c. *The amount of attorney's fees and costs incurred to date, if any, that are being claimed;*
d. *Any demand for settlement of the case in its entirety.*

7. *A copy of this Notice and Order and the Defendant's Application shall be served on the plaintiff or plaintiff's attorney by hand delivering it or mailing it to the address listed on the complaint on the same date that the court issues this Notice and Order of Stay of Proceeding and Early Evaluation Conference.*

Date: _____          Clerk, by _____.

*More information about this Notice and Order and the defendant's application and instruction to assist plaintiff and defendant in complying with this Notice and Order may be available at http://www.courtinfo.ca.gov/selfhelp/*

## REQUESTS FOR ACCOMMODATION

*Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the date on which you are to appear. Contact the clerk's office or go to www.courtinfor.ca.gov/forms/ for Requests for Accommodations By Persons with Disabilities and Order (form MC-410) (Civil Code Section 54.8).*

## PROOF OF SERVICE

(Required from Defendant Filing Application for Stay and Early Evaluation Conference)

I served a copy of the defendant's Application for Stay and Early Evaluatic Conference Pursuant to Civil Code Section 55.54 and the court Notice and Order of Stay of Proceedings and Early Evaluation Conference.

_____ On the plaintiff's attorney.

By hand delivering it or mailing it to the address listed on the complaint on the day the court issued this Notice and Order of Stay of Proceedings and Early Evaluation Conference.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated: _____

_____          _____
Type of Print Name                Signature

_____
Address of serving person.

FILE STAMP   JUL 18 2012

LOS ANGELES
SUPERIOR COURT

NOTICE SENT TO:

Ballister, Raymond G., Jr. Esq.
Center For Disability Access
9845 Erma Road, Suite 300
San Diego,          CA   92131

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| JUAN MORENO | Plaintiff(s), | BC486981 |
| VS. | | |
| NELSON W QUAN ET AL | Defendant(s). | NOTICE OF CASE MANAGEMENT CONFERENCE |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for September 21, 2012 at 8:30 am in Dept. 34 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:      THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: July 18, 2012

_____
Judicial Officer

AMY D. HOGUE

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date:  July 18, 2012

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

ACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

# EXHIBIT "B"

1  CALL & JENSEN
   A Professional Corporation
2  Julie R. Trotter, Bar No. 209675
   Ryan M. McNamara, Bar No. 223606
3  610 Newport Center Drive, Suite 700
   Newport Beach, CA 92660
4  Tel:   (949) 717-3000
   Fax:   (949) 717-3100
5  jtrotter@calljensen.com
   rmcnamara@calljensen.com
6
   Attorneys for Defendants Nelson W. Quan
7  (erroneously sued as Nelson W Quan),
   Helen L. Quan (erroneously sued as Helen
8  L Quan), and Quan Service Center, Inc.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 17 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF LOS ANGELES

11

12  Juan Moreno,                          Case No.   BC486981

13          Plaintiff,                    Assigned for All Purposes to:
                                          Hon. Amy D. Hogue, Dept. 34
14          vs.
                                          DEFENDANTS' ANSWER TO COMPLAINT
15  Nelson W Quan, in his individual and
    representative capacity as Trustee; Helen L Quan,   DEMAND FOR JURY TRIAL
16  in her individual and representative capacity as
    Trustee; Quan Service Center, Inc., a California
17  Corporation; and Does 1-10,
                                                        (FAXE)
18          Defendants.

19

20                                        Complaint Filed:   June 20, 2012
                                          Trial Date:        None Set
21        Defendants Nelson W. Quan (erroneously sued as Nelson W Quan), Helen L. Quan

22  (erroneously sued as Helen L Quan) and Quan Service Center, Inc. (collectively "Defendants") hereby

23  answer the allegations of Plaintiff Juan Moreno's ("Plaintiff") unverified Complaint ("Complaint") as

24  they relate to them as follows:

25

26                              **GENERAL DENIAL**

27        1.      Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny,

28  generally and specifically, conjunctively and disjunctively, each and every allegation of the Complaint

CHE03-84:1044921_1.DOCX:9-17-12               - 1 -
                        DEFENDANTS' ANSWER TO COMPLAINT

1   and each and every cause of action contained and asserted therein.  Defendants further deny that they

2   are or will be liable to Plaintiff in any sum whatsoever.  Defendants further deny, generally and

3   specifically, that Plaintiff has suffered damages in the amount alleged, or in any sum, or that Plaintiff

4   is entitled to any relief at all, by reason of any wrongful act or omission or purported act or omission

5   of Defendants.

6          2.      By alleging the defenses below, Defendants are not in any way agreeing or conceding

7   that they have the burden of proof or persuasion on any of these issues.

8

9                    **FIRST SEPARATE AND ADDITIONAL DEFENSE**

10         1.      As a separate and additional defense, Defendants assert upon information and belief

11  that Plaintiff has acted with "unclean hands" and such actions are directly related to the claims by

12  Plaintiff in the Complaint and precludes Plaintiff from pursuing the claims in the Complaint.

13  Therefore, Plaintiff is barred from seeking relief by the Doctrine of Unclean Hands.

14

15                  **SECOND SEPARATE AND ADDITIONAL DEFENSE**

16         2.      As a separate and additional defense, Defendants assert upon information and belief

17  that the Disabled Persons Act and Unruh Act do not apply to these answering Defendants as alleged

18  because the facility was built and/or modified prior to the date these acts were amended to incorporate

19  any standards as set forth in 28 U.S.C. §12101 et seq.

20

21                  **THIRD SEPARATE AND ADDITIONAL DEFENSE**

22         3.      As a separate and additional defense, Defendants assert upon information and belief

23  that at all times mentioned in the Complaint, the Plaintiff so carelessly, recklessly and negligently

24  conducted and maintained himself so as to cause and contribute in some way to the damages, if any,

25  alleged to have been sustained by Plaintiff.  Therefore, Plaintiff's recovery herein as to any damage

26  and injuries suffered by Plaintiff, if any, shall be diminished to the extent that such injury or damages

27  were proximately caused by the negligence or intentional conduct of Plaintiff.

28  ///

CHE03-84:1044921_1.DOCX:9-17-12                                  - 2 -
DEFENDANTS' ANSWER TO COMPLAINT

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

4.     As a separate and additional defense to the Complaint filed herein, and to each alleged cause of action set forth herein, these answering Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action as against Defendants for the reason that the same may be barred by the applicable statute of limitations depending on Plaintiff's prior visits, if any, to the subject property (assuming Plaintiff has, in fact, ever patronized or even attempted to patronize the subject store).

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

5.     As a separate and additional defense to the Complaint filed herein, and to each alleged cause of action set forth therein, these answering Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action under any legal theory and is so vague, ambiguous, and overbroad as to render its claim incomprehensible and unintelligible.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

6.     As a separate and additional defense to the Complaint filed herein, if Plaintiff suffered or sustained any loss, damage, or injury as alleged by the Complaint, such loss, damage, or injury was proximately caused and contributed to by Plaintiff's failure to conduct himself in a manner ordinarily expected of prudent persons.  Plaintiff's recovery herein is diminished to the extent that Plaintiff's damages, if any, are attributable to Plaintiff's own negligence.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7.     As a separate and additional defense, these answering Defendants believe and based upon such information, allege that Plaintiff is estopped from seeking the relief herein due to his own acts and/or omissions with reference to the subject matter of the Complaint.

///

///

///

CALL & JENSEN

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8.    As a separate and additional defense, these answering Defendants believe and based upon such information and belief, allege that Plaintiff has waived his alleged right to seek the relief herein due to his own acts and/or omissions with reference to the subject matter of the Complaint.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

9.    As a separate and additional defense, these answering Defendants believe and based upon such information and belief, allege that Plaintiff has never been deterred from visiting Defendants' premises.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

10.    The Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for Violation of the Americans with Disabilities Act of 1990 (49 USC §12101, et seq.).

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11.    The Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for negligence and/or violation of the California Civil Code, including, but not limited to the Unruh Civil Rights Act, the California Disabled Persons Act, California Civil Code §§ 51, 52, 53, 54, 54.1 (or any subparts thereof).

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12.    All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the modification of such barriers is not readily achievable.

///
///
///

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13.    All of Plaintiff's claims are barred because Defendants offered reasonable accommodations to Plaintiff.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14.    If Plaintiff sustained any damage or injury either as alleged in the Complaint, or at all, the same was, upon information and belief, directly and proximately caused and/or contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of other parties or entities, whether or not parties to this action, and the purported damages of Plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to such other persons or entities, whether or not parties to this action.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15.    All of Plaintiff's claims upon information and belief may be and/or are barred to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers is structurally impractical and/or technically infeasible.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16.    All of Plaintiff's claims are barred to the extent that Plaintiff lacks standing and, additionally, to the extent that Plaintiff has failed to establish his standing, entitlement to "damages" of any nature, sufficient jurisdictional allegations, and sufficient jurisdictional facts to comply with the pleading requirements under *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011). Accordingly, Plaintiff's Complaint is defective and subject to immediate dismissal.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17.    . All of Plaintiff's claims and demands for attorneys' fees are barred and/or should be stricken to the extent that Plaintiff failed to provide pre-litigation notice to Defendants of his purported

1 claims and/or experiences at the subject property and engage in reasonable steps to mitigate his

2 purported damages and/or resolve the dispute without litigation.

3

4 ### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

5     18.    All of Plaintiff's claims are barred because to the extent architectural barriers alleged

6 by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional

7 defense), the removal of such barriers would result in an undue burden on Defendants.

8

9 ### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

10     19.    All of Plaintiff's claims are barred because, upon information and belief, all

11 architectural barriers alleged by Plaintiff do not exist and/or fall within "conventional building

12 industry tolerances" or "dimensional tolerances."

13

14 ### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

15     20.    All of Plaintiff's claims are barred because Defendants provided equivalent facilitation

16 at the premises.

17

18 ### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

19     21.    All of Plaintiff's claims are barred because, upon information and belief, Plaintiff failed

20 to name a necessary party.

21

22 ### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

23     22.    All of Plaintiff's claims are barred because any alleged discrimination Plaintiff suffered

24 at Defendants' premises (which supposition is denied and merely stated for the purpose of this

25 additional defense), upon information and belief, resulted from isolated or temporary (or both)

26 interruptions in the store's goods and services.

27 ///

28 ///

CALL&
JENSEN

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

23.   All of Plaintiff's claims are barred because Plaintiff failed to request reasonable accommodations or modifications to Defendants' premises.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

24.   All of Plaintiff's causes of action are barred because Plaintiff suffered no damages of any nature as a result of the alleged conduct.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

25.   Plaintiff, by delaying prosecution of these actions until the present time, is barred in whole or in part by the doctrine of laches from maintaining each and every purported cause of action alleged in the Complaint, or from recovering any damages thereunder from Defendants.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

26.   Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional defenses available.  Defendants reserve the right to assert additional defenses in the event discovery or further analysis indicates that additional, unknown or unstated defenses would be applicable.

## PRAYER FOR RELIEF

WHEREFORE, these answering Defendants Nelson W. Quan (erroneously sued as Nelson W Quan), Helen L. Quan (erroneously sued as Helen L Quan) and Quan Service Center, Inc. pray for judgment, both individually and collectively, as follows:

1.   That Plaintiff take nothing by his action, which should be dismissed with prejudice;

2.   That judgment be awarded in favor of Defendants Nelson W. Quan (erroneously used as Nelson W Quan), Helen L. Quan (erroneously sued as Helen L Quan) and Quan Service Center Inc., both individually and collectively, and that Plaintiff's Complaint be dismissed in its entirety and *with prejudice*;

3.     That Defendants, both individually and collectively, be awarded their expenses and costs of suit incurred herein, inclusive of reasonable attorneys' fees; and

4.     For such other and further relief as the Court may deem just and proper.

Dated: September 17, 2012

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Ryan M. McNamara


By:_____
        Ryan M. McNamara

Attorneys for Defendants Nelson W. Quan (erroneously sued as Nelson W Quan), Helen L. Quan (erroneously sued as Helen L Quan), and Quan Service Center, Inc.

## DEMAND FOR JURY TRIAL

Defendants Nelson W. Quan (erroneously sued as Nelson W Quan), Helen L. Quan (erroneously sued as Helen L Quan) and Quan Service Center, Inc. hereby demand a jury trial on all issues raised in the Complaint by Juan Moreno.

Dated: September 17, 2012

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Ryan M. McNamara


By:_____
        Ryan M. McNamara

Attorneys for Defendants Nelson W. Quan (erroneously sued as Nelson W Quan), Helen L. Quan (erroneously sued as Helen L Quan), and Quan Service Center, Inc.

CHE03-84:1044921_1.DOCX:9-17-12

- 8 -

DEFENDANTS' ANSWER TO COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On September 17, 2012, I served the foregoing document described as **DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** on the following person(s) in the manner indicated:

### SEE ATTACHED SERVICE LIST

**[ X ]   (BY MAIL)**   I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[  ]   (BY FEDEX)** I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[  ]   (BY FACSIMILE TRANSMISSION)**   On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[  ]   (BY ELECTRONIC TRANSMISSION)** I served electronically from the electronic notification address of _____ the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein. The electronic transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on September 17, 2012, at Newport Beach, California.

Denise Reigel

1

2      **SERVICE LIST**

Center for Disability Access                **Attorneys for**
Raymond G. Ballister, Jr., Esq.
3      Mark Potter, Esq.                           **Plaintiff Juan Moreno**
9845 Erma Road, Suite 300
4      San Diego, CA 92131
Tel: (858) 375-7385
5      Fax: (858) 422-5191
mark@potterhandy.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CALL &
JENSEN   24

25

26

27

28

# CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On September 17, 2012, I have served the foregoing document described as **NOTICE OF REMOVAL OF ACTION PURSUANT TO U.S.C. 28 §1441 (FEDERAL QUESTION)** on the following person(s) in the manner(s) indicated below:

## SEE ATTACHED SERVICE LIST

**[ X ]   (BY ELECTRONIC SERVICE)** I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

**[ ]   (BY MAIL)** I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[ ]   (BY OVERNIGHT SERVICE)** I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[ ]   (BY FACSIMILE TRANSMISSION)** On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]   (BY E-MAIL)** I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(es) indicated.

[ ]   (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[ ]   (FEDERAL)  I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on September 17, 2012, at Newport Beach, California.

Denise Reigel

1

# SERVICE LIST

2

3  Center for Disability Access          **Attorneys for**
   Raymond G. Ballister, Jr., Esq.

4  Mark Potter, Esq.                     **Plaintiff Juan Moreno**
   9845 Erma Road, Suite 300

5  San Diego, CA 92131
   Tel: (858) 375-7385

6  Fax: (858) 422-5191
   mark@potterhandy.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV12- 8006 CAS (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| ☑ **Western Division** | ☐ **Southern Division** | ☐ **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| **(a) PLAINTIFFS** (Check box if you are representing yourself ☐ ) | **DEFENDANTS** |
|---|---|
| uan Moreno | Nelson W. Quan, Helen L. Quan and Quan Service Center, Inc. |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Raymond G. Ballister, Jr., Bar No. 111282<br>Mark Potter, Bar No. 166317<br>CENTER FOR DISABILITY ACCESS<br>9845 Erma Road, Suite 300<br>San Diego, California 92131<br>Telephone: (858) 375-7385 Facsimile: (888) 422-5191 | CALL & JENSEN<br>Jule R. Trotter, Bar No. 209675<br>Ryan M. McNamara, Bar No. 223606<br>610 Newport Center Drive, Suite 700<br>Newport Beach, California 92660<br>Telephone: (949) 717-3000 Facsimile: (949) 717-3100 |

**BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**LASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☒ **MONEY DEMANDED IN COMPLAINT: $** > $25,000.00

Per Plaintiff's Civil Case Cover Sheet

**CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

? U.S.C. section 12101, *et seq.*

**NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS (PERSONAL INJURY) | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☒ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**R OFFICE USE ONLY:**   Case Number:   CV12-08006

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

-71 (05/08)       CIVIL COVER SHEET       Page 1 of 2
CCD-JS44

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**III(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] No   [ ] Yes
If yes, list case number(s):

**III(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] No   [ ] Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   _Ryan M. McNamara_   Date _September 17, 2012_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |